# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**KENT R SCEBBI, and**
**ANGELA R SCEBBI,**

     **Plaintiffs,**

**v.**                                   **CASE NO. 3:17cv814-MCR-CJK**

**ACE AMERICAN INSURANCE**
**COMPANY, and GEICO GENERAL**
**INSURANCE COMPANY**

     **Defendants.**

_____/

## <u>ORDER</u>

     Defendant Geico General Insurance Company ("Geico") has filed a Motion to Dismiss Plaintiffs' Amended Complaint on statute of limitation grounds. ECF No. 30. Having reviewed the matter, the Court finds that the motion is due to be denied.

     On May 19, 2013, Kent Scebbi was injured in an automobile accident. Plaintiffs Kent R. Scebbi and Angela R. Scebbi filed suit in state court on October 25, 2017, naming Ace American Insurance Company ("Ace") as the sole defendant and seeking resulting uninsured/underinsured benefits and loss of consortium damages. Ace timely removed the case to federal court, on grounds of diversity jurisdiction, *see* 28 U.S.C. § 1332, and on May 17, 2018, two days *before* the statute

of limitations expired, Plaintiffs requested leave to amend the complaint, ECF No. 15, and contemporaneously filed a "Proposed Amended Complaint," ECF No. 16, adding Geico as a defendant. The Court granted leave to amend on May 21, 2018, and Plaintiffs refiled their "Amended Complaint" on June 4, 2018, ECF No. 18.

Geico argues that the Amended Complaint is time-barred because the Court order granting leave to amend and Plaintiffs' Amended Complaint were both filed *after* the five-year statute of limitations ran on May 19, 2018. Plaintiffs oppose the motion, arguing that the Amended Complaint is timely because the motion for leave to amend was filed on May 17, 2018, two days *before* the statute of limitations expired.

In diversity, federal courts apply substantive state law and federal procedure. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Florida law therefore provides the applicable statute of limitations in this case, and there is no dispute that a five-year limitation period applies to the uninsured motorist claims at issue. *See* Fla. Stat. § 95.11(2)(b). Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Fed. R. Civ. P. 15. Ordinarily, under federal procedural rules, an amended pleading relates back to the date of the original pleading when determining the statute of limitations, if "permitted by the law that provides the statute of limitations applicable to the action," Fed. R. Civ. P. 15(c)(1)(A), and if the

CASE NO. 3:17cv814-MCR-CJK

amendment asserts a claim or defense that arose out of the same conduct, transaction or occurrence as alleged in the original complaint, Fed. R. Civ. P. 15(c)(1)(B). When a new party is added, however, the amendment relates back only if the claim arose out of the same conduct *and* the new party knew of the claim within the time for accomplishing service under Rule 4(m) or should have known but for a mistake concerning the party's identity. *See* Fed. R. Civ. P. 15(c)(1)(C).

The Eleventh Circuit instructs that Rule 15(c) incorporates state law relation-back rules "where, as here, state law provides the statute of limitations for the action." *Saxton v. ACF Indus., Inc*., 254 F.3d 959, 963 (11th Cir. 2001) (*en banc*) ("[I]f an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law rules."). Florida law, like the federal rules, provides that the relation-back doctrine "does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired," unless there was a mistake, misnomer, or the real parties in interest remain the same. *Caduceus Properties, LLC v. Graney*, 137 So. 3d 987, 993 (Fla. 2014); *Russ v. Williams*, 159 So. 3d 408, 410 (Fla. 1st DCA 2015) (same). However, Florida law recognizes that an action against a new party is "commenced" within the statute of limitations if the motion to amend the

CASE NO. 3:17cv814-MCR-CJK

pleading clearly identifies the new party, the facts, and the claims, and the motion is filed before the limitation period runs, even if the order granting permission to amend is not filed until after the statute of limitations period expires. *See Totura & Co. v. Williams*, 754 So. 2d 671, 672, 680 (Fla. 2000).

Here, the circumstances do not permit the Amended Complaint to relate back to the date of the original complaint because Geico is a new party defendant with no shared identity or identity of interest with Ace, the original defendant.[1] Nonetheless, the dispositive fact under Florida's statute of limitations analysis is the date that the motion for leave to amend was filed. Because the motion for leave to amend and the proposed amended complaint were filed *before* the statute of limitations expired, this was sufficient to "commence" the action against Geico in a timely manner. *See Totura*, 754 So. 2d at 680 (stating, "the motion to amend was sufficient to stand in place of an amended complaint and the action was, therefore, deemed commenced as to Geico pursuant to rule 1.050 [Florida Rules of Civil Procedure] within the applicable limitation period"); *see also Hartford Cas. Ins. Co. v. Intrastate Constr. Corp.*, No. 10-61064-CIV, 2015 WL 13402137, at *3 (S.D. Fla. Mar. 13, 2015) ("[I]it is well established that an amended complaint relates back to the date the

---

[1] As Plaintiffs argue, the "relation back" cases cited by Geico are inapplicable.

CASE NO.  3:17cv814-MCR-CJK

motion to amend was originally filed."). It is therefore immaterial that leave to amend was given after the statute ran or that Plaintiffs refiled their Amended Complaint on the docket after the expiration of the limitations period.

Accordingly, Defendant Geico's Motion to Dismiss, ECF No. 30, is **DENIED**. Geico has fourteen (14) days to respond to the Amended Complaint.

**DONE AND ORDERED** this 11th day of October 2018.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:17cv814-MCR-CJK